IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| PATRICIA SIMONDS, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action |
| vs. ) | No. 1:20-cv-00250-MR-WCM |
| ) | |
| CHEROKEE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| TIENDA PHILLIPS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action |
| vs. ) | No. 1:21-cv-00274-MR-WCM |
| ) | |
| CHEROKEE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| NATHAN DAVENPORT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action |
| vs. ) | No. 1:21-cv-00276-MR-WCM |
| ) | |
| CHEROKEE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

| | |
|---|---|
| MELANIE DYER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action |
| vs. | ) No. 1:21-cv-00277-MR-WCM |
| | ) |
| CHEROKEE COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| NATHAN DAVENPORT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action |
| vs. | ) No. 1:21-cv-00278-MR-WCM |
| | ) |
| CHEROKEE COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| JEREMY SILVERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action |
| vs. | ) No. 1:21-cv-00280-MR-WCM |
| | ) |
| CHEROKEE COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| REGINA MANEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action |
| vs. | ) No. 1:21-cv-00281-MR-WCM |
| | ) |
| CHEROKEE COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

| | |
|---|---|
| **DESIREE REILLY, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action |
| vs. ) | No. 1:21-cv-00282-MR-WCM |
| ) | |
| **CHEROKEE COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| **MARTHA KILLIAN, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action |
| vs. ) | No. 1:21-cv-00283-MR-WCM |
| ) | |
| **CHEROKEE COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| **AMANDA TIMPSON, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action |
| vs. ) | No. 1:21-cv-00284-MR-WCM |
| ) | |
| **CHEROKEE COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| **SARAH CRAPSE, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action |
| vs. ) | No. 1:21-cv-00285-MR-WCM |
| ) | |
| **CHEROKEE COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

| | |
|---|---|
| **HANNAH ALLEN, et al.,**<br><br>        Plaintiffs,<br><br>vs.<br><br>**CHEROKEE COUNTY, et al.,**<br><br>        Defendants. | Civil Action<br>No. 1:21-cv-00286-MR-WCM |
| **TESSA DORSEY, et al.,**<br><br>        Plaintiffs,<br><br>vs.<br><br>**CHEROKEE COUNTY, et al.,**<br><br>        Defendants. | Civil Action<br>No. 1:21-cv-00287-MR-WCM |
| **LIBBY HELMS, et al.,**<br><br>        Plaintiffs,<br><br>vs.<br><br>**CHEROKEE COUNTY, et al.,**<br><br>        Defendants. | Civil Action<br>No. 1:21-cv-00288-MR-WCM |
| **SHALEES GREENLEE, et al.,**<br><br>        Plaintiffs,<br><br>vs.<br><br>**CHEROKEE COUNTY, et al.,**<br><br>        Defendants. | Civil Action<br>No. 1:21-cv-00289-MR-WCM |

| | |
|---|---|
| SAMANTHA TORRES, et al., | |
| Plaintiffs, | |
| vs. | Civil Action No. 1:21-cv-00290-MR-WCM |
| CHEROKEE COUNTY, et al., | |
| Defendants. | |
| KELLY WALKER, et al., | |
| Plaintiffs, | |
| vs. | Civil Action No. 1:21-cv-00292-MR-WCM |
| CHEROKEE COUNTY, et al., | |
| Defendants. | |
| SHEENA DOCKERY, | |
| Plaintiff, | |
| vs. | Civil Action No. 1:21-cv-00293-MR-WCM |
| CHEROKEE COUNTY, et al., | |
| Defendants. | |
| JESSICA FARQUHAR, et al., | |
| Plaintiffs, | |
| vs. | Civil Action No. 1:21-cv-00294-MR-WCM |
| CHEROKEE COUNTY, et al., | |
| Defendants. | |

| | | |
|---|---|---|
| CAINE BURNETTE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action |
| vs. | ) | No. 1:21-cv-00295-MR-WCM |
| | ) | |
| CHEROKEE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| STEPHEN DOWNEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action |
| vs. | ) | No. 1:21-cv-00296-MR-WCM |
| | ) | |
| CHEROKEE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| CHEYENNE SPICOLA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action |
| vs. | ) | No. 1:21-cv-00297-MR-WCM |
| | ) | |
| CHEROKEE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# O R D E R

**THIS MATTER** is before the Court on the parties' Motion for Consolidation and Appointment of Special Master for Purposes of Effecting Settlement and Request for Status Conference with the Court and for Hearing on Motions to Consolidate Actions and Appoint Special Master.

The parties move pursuant to Rule 42 of the Federal Rules of Civil Procedure for consolidation of these actions for purposes of effectuating settlement of these cases and claims. They further move pursuant to Rule 53 of the Federal Rules of Civil Procedure for the appointment of a special master to aid in completing the settlement process.[1]

Rule 42 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under this provision, actions may be consolidated for one, many, or all of the phases of litigation. Hall v. Hall, 138 S. Ct. 1118, 1130 (2018).

Upon careful review of the parties' motion, the Court concludes that consolidating these cases solely for purposes of effecting a proposed global settlement would dispose of these cases in the most efficient, least expensive, and expedient method and would provide fairness and justice to the litigants. Accordingly, the parties' motion to consolidate for said purpose is granted.

---

[1] In their motion, the parties also requested a status conference with the Court to discuss the special master and settlement procedures. The Court held a status conference with the parties by telephone on August 23, 2022.

In an effort to promote the fair and speedy resolution of the numerous claims made, the parties ask this Court to appoint a "Special Settlement Master" pursuant to Rule 53(1)(A) of the Federal Rules of Civil Procedure. The parties contend that the appointment of a special master (and an assisting Co-Master) would create an opportunity for the parties to conclude their settlement agreement, to resolve the claims of parties, and to use the skills, abilities and authority of an independent neutral third party to receive the detailed evidence with respect to each claimant's damages, resolve those determinations, complete the complex calculations, report the findings to the Court, and facilitate settlement among the claimants.

Rule 53 of the Federal Rules of Civil Procedure establishes a mechanism to expedite the settlement of cases through the appointment of a special master. <u>See generally</u> <u>In re Joint Eastern and Southern Districts Asbestos Litig.</u>, 737 F. Supp. 735 (S.D.N.Y. 1990). Specifically, Rule 53 provides, in pertinent part, as follows:

> (a) Appointment.
>
> (1) Scope. Unless a statute provides otherwise, a court may appoint a master only to:
>
> (A) perform duties consented to by the parties;
>
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:

8

(i) some exceptional condition; or

(ii) the need to perform an accounting or resolve a difficult computation of damages; or

(C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

(2) Disqualification. A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification.

(3) Possible Expense or Delay. In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay.

(b) Order Appointing a Master.

(1) Notice. Before appointing a master, the court must give the parties notice and an opportunity to be heard. Any party may suggest candidates for appointment.

(2) Contents. The appointing order must direct the master to proceed with all reasonable diligence and must state:

(A) the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c);

(B) the circumstances, if any, in which the master may communicate ex parte with the court or a party;

9

(C) the nature of the materials to be preserved and filed as the record of the master's activities;

(D) the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations; and

(E) the basis, terms, and procedure for fixing the master's compensation under Rule 53(g).

(3) Issuing. The court may issue the order only after:

(A) the master files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455; and

(B) if a ground is disclosed, the parties, with the court's approval, waive the disqualification.

(4) Amending. The order may be amended at any time after notice to the parties and an opportunity to be heard.

(c) Master's Authority.

(1) In General. Unless the appointing order directs otherwise, a master may:

(A) regulate all proceedings;

(B) take all appropriate measures to perform the assigned duties fairly and efficiently; and

(C) if conducting an evidentiary hearing, exercise the appointing court's power to compel, take, and record evidence.

(2) Sanctions. The master may by order impose on a party any noncontempt sanction provided by Rule 37

or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty.

Fed. R. Civ. P. 53(a)-(c).

Upon careful review of the submissions of the parties, the Court will grant the parties' motion and appoint a special master to facilitate the settlement of these cases. Pursuant to Rule 53(b)(2), the Court hereby makes the following findings and conclusions:

1. <u>Authority for and Scope of the Appointment</u>. The parties have consented and stipulated to the appointment of retired Superior Court Judge Anderson Cromer as a Special Master for the purpose of considering the matters presented by each party for determination of the distribution of settlement proceeds and giving effect to the parties' settlement agreement. The parties have further consented and stipulated to the appointment of retired Chief District Court Judge Lisa Menefee as a Special Co-Master as needed to assist Judge Cromer in performing these duties. Judge Cromer and Judge Menefee shall be referred to collectively as the "Masters" in this Order.

2. <u>No Known Grounds for Disqualification</u>. The Court finds that retired Judge Cromer is qualified to serve as Special Master, and that there are no non-disclosed grounds for disqualification under

11

28 U.S.C. § 455 that would prevent retired Judge Cromer from serving as a Special Master in this matter. Similarly, the Court finds that retired Chief District Court Judge Lisa Menefee is qualified to serve as a Special Co-Master, and that there are no non-disclosed grounds for disqualification under 28 U.S.C. § 455 that would prevent retired Judge Menefee from serving in such capacity in this matter.

3. <u>Scope and Duties</u>. The scope of the roles and duties of the Masters shall involve the matters set out in the settlement agreement and include at least the following:

   a. Directing, managing, and facilitating the presentation of matters affecting the allocation of the proposed settlement payments or proceeds among the various Plaintiffs.

   b. Managing and supervising activity in concluding the settlement as contemplated and as provided in the parties' settlement agreement.

   c. Hearing and considering the matters presented by or on behalf of the Plaintiff-claimants with regard to damages and (i) making findings and presenting to the Court the calculation of the amounts to be allocated as costs,

including counsel's contingent fee, and the amount to be awarded each competent adult plaintiff as a final decision, and (ii) making recommendations to the Court with regard to the amounts to be allocated as costs, including counsel's contingent fee, and the amount to be awarded each minor or adult plaintiff who is not competent. Taking into account the Masters' recommendations, the Court shall make the final determination as to whether to approve each minor settlement distribution and the distribution for each adult plaintiff who is not competent.

d. Compiling and interpreting the voluminous or complex materials which must be reviewed in reaching these determinations.

e. Supervising and implementing notice of the hearings regarding the claims and settlement distribution.

f. Participating in a hearing regarding the fairness of the settlement distributions to the Plaintiffs.

g. Considering the method of distribution of settlement/damage payments to the Plaintiffs.

    h.     Performing such other duties consented to by the parties pursuant to Rule 53(a)(1)(a).

    i.     Making a report to the Court on the Masters' findings and determinations regarding the appropriate distribution of the settlement proceeds among the several Plaintiffs.

4. <u>Masters' Duties and Authority</u>. The Masters shall proceed with all reasonable diligence to complete the tasks assigned by the Court's Order. The Masters shall have the sole discretion to determine the appropriate procedures for resolution of all assigned matters and shall have the authority to take all appropriate measures to perform the assigned duties. The Masters shall have all of the authority provided to masters set forth in Federal Rule of Civil Procedure 53(c). The Masters may by order impose upon a party any sanction other than contempt and may recommend a contempt sanction against a party and contempt or any other sanction against a non-party.

5. <u>Ex Parte Communications</u>. In light of the parties' consent for the appointment of the Masters and the agreement and acknowledgment that the Defendants have no interests or standing with respect to the distribution of the settlement

proceeds, the parties hereby consent to ex parte communications and objections with respect to such communications are waived, and may include, inter alia, the following communications:

a. With the Court. The Masters may have ex parte communications with the Court regarding, e.g., (1) whether or not a particular dispute or motion is subject to the scope of the Masters' duties; (2) assisting the Court with procedural matters, such as apprising the Court regarding logistics, the nature of the Masters' activities, and management of the litigation; (3) any matter upon which the parties or their counsel consent or have consented; (4) the application of Rule 53; and (5) any matter, the subject of which is properly initiated by the Masters or by the Court. Accordingly, the scope of permissible ex parte communications with the Court shall be given its broadest interpretation.

b. With the Parties and Counsel. The parties agree that the Masters may have ex parte communications with the parties or counsel regarding, for example, (1) procedural or

15

scheduling matters; (2) resolution of matters arising under or by virtue of the settlement agreement; (3) the presentation of evidentiary matters with respect to claims, damages, and the allocation of settlement funds, and (4) any other matter upon which the parties or their counsel have consented.

6. <u>Materials to be Preserved and Filed as the Record of the Masters' Activities</u>. The Masters shall preserve and file with the Clerk all final reports with the determinations and allocations or proposed allocations to be made. The Masters shall not be responsible for maintaining any other records of the Masters' activities other than billing records.

7. <u>Review of Masters' Reports, Orders or Recommendations</u>. The Masters' calculations and proposed distributions shall be submitted to the Court, initially under seal. Upon the Court's approval of the distribution of the settlement proceeds to the Plaintiffs, including the minors and the adults who are not competent, the Court will make a determination as to what, if any, matters should be unsealed.

16

8. Compensation. The Masters shall be paid $500.00 per hour (as a cumulative total for the work of both appointees as Masters, not as a per person/per hour allocation) for work done pursuant to this Order, and shall be reimbursed for all reasonable expenses incurred. The Masters shall submit billing records for fees and disbursements, which shall be allocated as a part of the costs of the settlement of the case and paid proportionally from the settlement proceeds, with no Defendant incurring any obligation to pay for the Masters' work. As to any particular portion of the proceedings necessitated by the conduct of one party or group of parties, the Masters can assess the costs of that portion of the proceedings to the responsible party or parties. The Court will determine at the conclusion of this litigation whether the amounts will be reallocated.

9. Masters' Affidavits. The Masters have executed and filed with the Clerk of this Court the Affidavits required by Rule 53(b)(3)(A), and the Court accepts such Affidavits.

10. Timing of Filings and Review of Special Masters' Determinations: Pursuant to Federal Rule of Civil Procedure 53(b)(2)(D), the Masters shall proceed expeditiously as proposed by the parties,

and conduct their evaluation between September 6 and September 20, 2022. Further, the Masters shall submit the Masters' determinations and reports to this Court and serve counsel for all parties on or before October 11, 2022. Pursuant to Federal Rule of Civil Procedure 53(f)(2), any party may file an objection to any report, ruling, or finding issued by the Special Masters in this proceeding within 21 days after it is served. The Court shall, as Federal Rule of Civil Procedure 53(f)(3) requires, review de novo all objections to such reports, rulings, recommendations, or findings.

**IT IS, THEREFORE, ORDERED** that the parties' Motion for Consolidation and Appointment of Special Master for Purposes of Effecting Settlement and Request for Status Conference with the Court and for Hearing on Motions to Consolidate Actions and Appoint Special Master is **GRANTED** as follows:

(1)  The parties' motion for consolidation is **GRANTED**, and all of the above-captioned cases are hereby consolidated for the purposes of undertaking to effectuate the proposed global settlement. Case No. 1:20-cv-00250-MR-WCM shall be designated as the lead case, and all future filings

shall be in the lead case only.  The Clerk of Court is respectfully instructed to administratively close all of the associated member cases.

(2)   The parties' motion for the appointment of a special master is **GRANTED**, and retired Superior Court Judge Anderson Cromer is hereby appointed to serve as a Special Master in this case.  Retired Chief District Court Judge Lisa Menefee is hereby appointed to serve as a Special Co-Master as needed to assist Judge Cromer.  Judge Cromer and Judge Menefee shall proceed with all reasonable diligence and shall perform their duties as directed in this Order.

(3)   The Masters shall submit the Masters' determinations and reports to this Court and serve counsel for all parties on or before **October 11, 2022**.  Pursuant to Federal Rule of Civil Procedure 53(f)(2), any party may file an objection to any report, ruling, or finding issued by the Special Masters in this proceeding within 21 days after it is served.

**IT IS SO ORDERED.**

Signed: September 1, 2022

Martin Reidinger
Chief United States District Judge